Filed 6/6/14  P. v. Mitchell CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B250114 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA046437) |
| v. | |
| JAMES RAY MITCHELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Bernie C. La Forteza, Judge.  Affirmed.

Kenneth J. Sargoy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In July 2009, appellant James Ray Mitchell was arrested during a traffic stop for possession of cocaine base and giving false information to a police officer. (Health & Saf. Code, § 11350, subd. (a), Pen. Code, § 148.9, subd. (a).) Appellant pleaded not guilty to the charges, and, upon appellant's request, the court ordered the sheriff's department to provide to defense counsel a "split" of the alleged cocaine base for forensic testing. Appellant subsequently entered into a plea bargain in which he pleaded no contest to possession of cocaine base and to suffering seven prior convictions. The court imposed a ten year prison sentence, consisting of an upper base term of three years and seven additional one-year terms for his prior convictions. The court then suspended the sentence and placed appellant on four-years' formal probation. In placing appellant on probation, the court announced that "Defendant is advised that any violation of probation, no matter how technical, will result in the imposition of the suspended state prison sentence."

In July 2010, appellant appeared in court for a hearing on his alleged multiple violations of the Vehicle Code, including driving with a suspended license. The hearing was continued to permit appellant to retain private counsel, and in the interim appellant was released on his own recognizance. The probation violation hearing was continued several times, but when appellant failed to appear for a scheduled hearing in November 2010, the court issued a bench warrant. On December 22, 2010, appellant was arrested during a traffic stop. The deputies took appellant into custody after pulling over the car in which he was a passenger when he jumped out of the car and tried to run away, disobeying the deputies' order that he stop.

On January 21, 2011, appellant waived his right to a hearing on his probation violations involving the Vehicle Code. He admitted the violations, and the court ordered him to serve one year in county jail. With credit for his one month of then-confinement, appellant's release date was set for December 21, 2011, at which time he was to be reinstated to probation.

While in county jail, appellant sent a letter in February 2011 to the court. His letter asserted the forensic lab had fabricated its test results showing he had possessed

2

cocaine when deputies arrested him in July 2009. The court took no action on appellant's letter other than to suggest that he contact his defense counsel.

In March 2011, appellant filed a petition for habeas corpus based on media reports that the forensic lab which had tested the cocaine had issued inaccurate or falsified test results in dozens of cases. The court denied appellant's petition because the petition did not state a prima facie case for relief in that it did not have a particularized showing of wrongdoing by the lab in appellant's case.

In April 2011, appellant waived his right to a hearing on revocation of his probation for fleeing from the deputies during the December 2010 vehicle stop. He admitted the violation, and, over the Peoples' objection, the court ordered appellant's reinstatement to probation upon his completion of the one-year county jail term he was then serving.

In May 2011, appellant sent a letter to the court requesting further testing of the "split" seized from him during his arrest in July 2009. The court denied appellant's request because appellant had waived his right to further investigation and defense when he entered into his plea bargain settling the possession charge.

In August 2011, appellant sent a letter to the court requesting a reduction in his county jail sentence. The court declined to modify appellant's sentence. Appellant also sent in August a letter to the court requesting a reduction in his sentence in light of new evidence of falsified test results by the forensic lab. The court denied the request.

In November 2011, appellant sent a letter to the court requesting early release from county jail because of his mother's poor health. The court declined the request.

On December 21, 2011, appellant was released from county jail after completing his one year term. Probation was reinstated, and his ten-year prison term remained suspended.

In the early evening of October 20, 2012, sheriff's deputy Reddy and his partner deputy Montez were on patrol. They saw appellant riding an off-road motorcycle without lights on the wrong side of the road. When appellant noticed the deputies, he jumped off the motorcycle and tried to run away despite the deputies' order that he stop. Deputy

3

Reddy caught up with appellant and grabbed him from behind as appellant tried to climb over a wall. Appellant kicked at deputy Reddy four or five times, but the deputy overcame appellant's resistance by hitting him on the arm and shoulder with his flashlight. Taking appellant into custody, the deputies, according to deputy Reddy's testimony in a later probation violation hearing, called fire department paramedics to the scene. The paramedics, Reddy testified, tended to appellant's wounds and took him to the hospital.

A hearing on appellant's alleged probation violation was set and continued several times. On May 30, 2013, the hearing began. The People presented their case-in-chief, which consisted of deputy Reddy's testimony summarized in the previous paragraph. Appellant thereafter testified in his defense. According to him, he was walking home from a party when the deputies approached him. The deputies asked if he was a member of the Mitchell family, which had received a multi-million dollar settlement in a wrongful death lawsuit against the sheriff's department. When appellant answered he was, the deputies grabbed him, and appellant testified, started to beat him with their flashlights. After beating him, the deputies, according to appellant, took him directly to jail without summoning paramedics or taking him to the hospital.

Appellant's defense investigator also testified during the hearing. She testified she had contacted the fire department to get the department's records about any calls it received to respond to the scene of appellant's altercation with the deputies. The prosecutor objected to the investigator's testimony as hearsay. In response to the objection, defense counsel made an offer of proof that the fire department had received no call to the scene. The court sustained the hearsay objection, but granted appellant a continuance to July 12, 2013, to give defense counsel time to subpoena a fire department captain as a witness.

The hearing resumed on July 12. Defense counsel informed the court that counsel had not subpoenaed the fire captain. Appellant requested a *Marsden* hearing, which the court conducted. After hearing from defense counsel and appellant, the court denied appellant's motion to relieve counsel. Complaining that he was ill-served by defense

4

counsel's decision not to subpoena the fire captain, appellant argued to the court that the captain's anticipated testimony confirming that the deputies did not summon paramedics to the scene would have undermined the deputies' credibility.  At the end of the probation violation hearing, the court terminated probation and ordered execution of appellant's heretofore suspended ten-year sentence.  The court awarded appellant 532 days custody credit, consisting of 266 days actual custody and 266 days good time / work time.  This appeal followed.

We appointed appellate counsel.  In January 2014, appellate counsel filed a *Wende* brief stating he could not find any arguable issues for appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We sent a letter to appellant informing him he had 30 days to file a letter or brief raising any issues he wanted us to consider.  In response, appellant requested appointment of new counsel and filed a petition for habeas corpus.  (Case No. 254002.)  His petition reiterated his claim of innocence based on fabricated forensic test results.  The petition also alleged ineffective assistance of counsel for defense counsel's failure to subpoena the fire department captain.  We denied the request to appoint new appellate counsel.  Based on our review of the petition for habeas corpus, we issued an order on April 3, 2014, as follows:  "The court will forward to the California Appellate Project for its consideration a copy of the petition and of James Ray Mitchell's letters to this court dated January 24 and 29, 2014, and February 2, 2014.  If appointed counsel for petitioner chooses to do so, he or she may file a supplemental petition for habeas corpus no later than 4:00 p.m. on April 25, 2014."  Counsel did not file a supplemental petition.

We have independently reviewed the record.  Finding no arguable issues on appeal, we affirm the judgment of conviction.  By separate order, we consider appellant's petition for habeas corpus, and find he is not entitled to relief.

5

## DISPOSITION

The judgment is affirmed.

RUBIN, ACTING P. J.

WE CONCUR:

FLIER, J.

GRIMES, J.